IN THE CIRCUIT COURT OF PHELPS COUNTY
TWENTY-FIFTH JUDICIAL CIRCUIT
STATE OF MISSOURI

EVAN SPARKS and MASON SPARKS,

Plaintiffs,

v.

TAKDIR SINGH,
Serve:
4688 N State St
Fresno, CA 93722

and

HIRA TRANSPORT INC
Serve:
Registered Agent
Transportation Authority, LLC
390 State Hwy D
Lockwood, MO 65682

Defendants.

Case Number

JURY TRIAL DEMANDED

## PETITION

Plaintiffs Evan Sparks and Mason Sparks, by and through undersigned counsel, and for this cause of action against Defendant Takdir Singh and Hira Transport, Inc., state as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiffs Evan Sparks and Mason Sparks are residents of Missouri.

2. Defendant Takdir Singh resides at 4688 N State St, Fresno, CA 93722 and may be served with a copy of the summons and Petition at this address.

3. Hira Transport, Inc. is a for-profit interstate transportation company with its principal place of business in California and may be served through its registered agent Transportation Authority, LLC at 390 State Hwy D, Lockwood, MO 65682.

EXHIBIT
A
ALL-STATE LEGAL®

4. Venue is proper in the Circuit Court of Phelps County pursuant to MO. REV. STAT. § 508.010 because Plaintiffs were first injured in Phelps County, Missouri.

5. Jurisdiction is proper over the Defendants in the State of Missouri pursuant to MO. REV. STAT. § 506.500 because Defendants committed tortious acts herein described within the State of Missouri.

## BACKGROUND

6. On February 18, 2025, Plaintiffs were traveling in their vehicle on eastbound Interstate 44 in Phelps County, Missouri; Evan was the driver and Mason was the passenger.

7. At the same time and place, Defendant Takdir Singh was driving a commercial semi-truck tractor-trailer behind Plaintiffs' vehicle on eastbound Interstate 44 in Phelps County, Missouri.

8. Defendant Takdir Singh was operating the semi-truck on behalf of Defendant Hira Transport, Inc., as its agent and/or employee.

9. The roadway was snow-covered.

10. Plaintiffs were traveling at a safe speed for conditions with their hazard lights activated for visibility.

11. Singh crashed the semi-truck into the rear of Plaintiffs' vehicle.

12. As a result of the impact, Plaintiffs' vehicle left the roadway, hit a sign, and rolled into an embankment before coming to a rest.

13. As a result of the collision, Plaintiff Evan Sparks suffered severe and permanent injuries.

14. As a result of the collision, Plaintiff Mason Sparks suffered severe and permanent injuries.

15. The collision occurred through no fault of Plaintiffs.

## COUNT I – NEGLIGENT OPERATION OF COMMERCIAL MOTOR VEHICLE AGAINST DEFENDANTS

16. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

17. Defendant Singh owed Plaintiffs a duty to operate the semi-truck with the highest degree of care.

18. Defendant Hira Transport, Inc., by and through its agent and/or employee Singh, owed Plaintiffs a duty to operate the semi-truck with the highest degree of care.

19. Defendants breached their duties and were negligent in the following manner:

a. Failing to maintain a safe following distance;
b. Failing to drive at a safe speed for conditions;
c. Failure to keep a careful lookout;
d. Failure to warn;
e. Failure to yield;
f. Improperly maneuvering a vehicle on a public roadway; and/or
g. Otherwise negligent.

20. Defendants' negligence was a direct and proximate cause of the damages and injuries described herein.

21. As a result of the crash, Plaintiff Evan Sparks suffered injuries to their head, spine, neck, low back, and right shoulder.

22. As a result of the crash, Plaintiff Mason Sparks suffered injuries to their head, spine, neck, low back and right shoulder.

23. As a result of the crash, Plaintiff Evan Sparks suffered emotional damages.

24. As a result of the crash, Plaintiff Mason Sparks suffered emotional damages.

25. As a direct and proximate result of these injuries, Plaintiff Evan Sparks' quality of life has been diminished.

26. As a direct and proximate result of these injuries, Plaintiff Mason Sparks' quality of life has been diminished.

27. Plaintiff Evan Sparks has incurred medical expenses.

28. Plaintiff Mason Sparks has incurred medical expenses.

29. Plaintiff Evan Sparks will incur future medical expenses.

30. Plaintiff Mason Sparks will incur future medical expenses.

31. Plaintiff Evan Sparks suffered wage loss.

32. Plaintiff Mason Sparks suffered wage loss.

33. Plaintiff Evan Sparks will suffer future wage loss and diminished earning capacity.

34. Plaintiff Mason Sparks will suffer future wage loss and diminished earning capacity.

35. Plaintiff Evan Sparks' injuries are permanent, serious and progressive.

36. Plaintiff Mason Sparks' injuries are permanent, serious and progressive.

WHEREFORE, Plaintiffs pray for judgment on Count I of this Petition against Defendant Takdir Singh and Defendant Hira Transport, Inc., in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper.

## COUNT II – NEGLIGENCE *PER SE* AGAINST DEFENDANTS

37. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

38. The following statutes and regulations prescribe the conduct necessary for safe operation of motor vehicles during this crash, *inter alia*: RSMo § 304.010, and Federal Motor Carrier Safety Regulations 49 CFR Parts 300-399.

39. Defendants' operation of the semi-truck on the date of the crash was subject to standards set forth in these statutes and regulations.

40. These statutes and regulations were designed for the protection of the public, including Plaintiffs.

41. Defendants' operation of the semi-truck violated these statutes and regulations.

42. The injuries Plaintiffs suffered were of the type these statutes and regulations were intended to prevent.

43. Defendants' negligence was a direct and proximate cause of the damages and injuries described herein.

44. As a result of the crash, Plaintiff Evan Sparks suffered injuries to their head, spine, neck, low back, and right shoulder.

45. As a result of the crash, Plaintiff Mason Sparks suffered injuries to their head, spine, neck, low back and right shoulder.

46. As a result of the crash, Plaintiff Evan Sparks suffered emotional damages.

47. As a result of the crash, Plaintiff Mason Sparks suffered emotional damages.

48. As a direct and proximate result of these injuries, Plaintiff Evan Sparks' quality of life has been diminished.

49. As a direct and proximate result of these injuries, Plaintiff Mason Sparks' quality of life has been diminished.

50. Plaintiff Evan Sparks has incurred medical expenses.

51. Plaintiff Mason Sparks has incurred medical expenses.

52. Plaintiff Evan Sparks will incur future medical expenses.

53. Plaintiff Mason Sparks will incur future medical expenses.

54. Plaintiff Evan Sparks suffered wage loss.

55. Plaintiff Mason Sparks suffered wage loss.

56. Plaintiff Evan Sparks will suffer future wage loss and diminished earning capacity.

57. Plaintiff Mason Sparks will suffer future wage loss and diminished earning capacity.

58. Plaintiff Evan Sparks' injuries are permanent, serious and progressive.

59. Plaintiff Mason Sparks' injuries are permanent, serious and progressive.

WHEREFORE, Plaintiffs pray for judgment on Count II of this Petition against Defendant Takdir Singh and Defendant Hira Transport, Inc., in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST DEFENDANT HIRA TRANSPORT, INC.

60. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

61. Defendant Hira Transport, Inc. owed a reasonable duty of care to the public, including Plaintiffs, in the hiring, training, supervision, and retention of Singh as a truck driver in their employment.

62. Defendant Hira Transport, Inc. knew or should have known through the exercise of reasonable care of Singh's dangerous proclivities as a driver.

63. Defendant Hira Transport, Inc. knew or should have known through the exercise of reasonable care that Singh was not competent at operating the semi-truck.

64. Defendant Hira Transport, Inc. knew or should have known through the exercise of reasonable care that Singh's driving posed an unreasonable risk of harm to the public, including Plaintiffs.

65. Defendant Hira Transport, Inc. breached their duty in hiring Singh and knowingly allowed Singh to negligently operate the semi-truck in an unreasonable and unsafe manner.

66. Defendant Hira Transport, Inc.'s failure to reasonably hire, train, supervise, and retain Singh proximately caused the crash and Plaintiffs' serious and permanent injuries.

67. As a result of the crash, Plaintiff Evan Sparks suffered injuries to their head, spine, neck, low back, and right shoulder.

68. As a result of the crash, Plaintiff Mason Sparks suffered injuries to their head, spine, neck, low back and right shoulder.

69. As a result of the crash, Plaintiff Evan Sparks suffered emotional damages.

70. As a result of the crash, Plaintiff Mason Sparks suffered emotional damages.

71. As a direct and proximate result of these injuries, Plaintiff Evan Sparks' quality of life has been diminished.

72. As a direct and proximate result of these injuries, Plaintiff Mason Sparks' quality of life has been diminished.

73. Plaintiff Evan Sparks has incurred medical expenses.

74. Plaintiff Mason Sparks has incurred medical expenses.

75. Plaintiff Evan Sparks will incur future medical expenses.

76. Plaintiff Mason Sparks will incur future medical expenses.

77. Plaintiff Evan Sparks suffered wage loss.

78. Plaintiff Mason Sparks suffered wage loss.

79. Plaintiff Evan Sparks will suffer future wage loss and diminished earning capacity.

80. Plaintiff Mason Sparks will suffer future wage loss and diminished earning capacity.

81. Plaintiff Evan Sparks' injuries are permanent, serious and progressive.

82. Plaintiff Mason Sparks' injuries are permanent, serious and progressive.

WHEREFORE, Plaintiffs pray for judgment on Count III of this Petition against Defendant Hira Transport, Inc., in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper.

Dated: August 19, 2025

MORGAN & MORGAN

*/s/ Emery Reusch*
Emery Reusch, #65129
200 North Broadway, Suite 720
St. Louis, Missouri 63102
T: 314.252.7245 | F: 314.252.7295
Emery.Reusch@forthepeople.com

*Attorneys for Plaintiffs Evan Sparks and Mason Sparks*